# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Amy J. St. Eve | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 1422 | **DATE** | 3/14/2011 |
| **CASE TITLE** | 520 S. Michigan Ave Assoc vs. Unite Here, Local 1 | | |

**DOCKET ENTRY TEXT**

The Court denies Defendant's motion to dismiss and/or for partial summary judgment as to certain sections of the first amended complaint [32].

■[ For further details see text below.]

Notices mailed by Judicial staff.

## STATEMENT

     Plaintiff, 520 South Michigan Avenue Associates, Ltd. ("Congress Plaza Hotel"), filed suit on March 3, 2010, against UNITE HERE Local 1 ("the Union"), seeking damages and other relief under Section 303 of the Labor Management Relations Act for a violation of Section 8(b)(4)(ii)(B) of the National Labor Relations Act. (R. 1.) On July 15, 2010, the Court granted the Union's motion to dismiss, without prejudice. (R. 21.) Plaintiff filed its First Amended Complaint on August 19, 2010. Defendant subsequently filed a further motion to dismiss certain sections of the complaint and/or for partial summary judgment. (R. 32.) The Union specifically requests that the Court dismiss Congress Plaza Hotel's allegations as to AG Lab and the Radiological Society of North America. (*Id.*; R. 34.)

     For the reasons explained below, the Court denies Defendant's motion to dismiss and/or for summary judgment with respect to certain sections of the First Amended Complaint.

Continued...

| | Courtroom Deputy Initials: | KF |
|---|---|---|

## BACKGROUND

Plaintiff's original complaint alleged that the parties had been negotiating the details of a new collective-bargaining agreement, but that, despite those ongoing negotiations, Defendant began an on-going strike in June 2003 and subsequently "engaged in illegal secondary boycotting involving its labor dispute with the Congress Plaza Hotel." (R. 1 at 1-5.) Plaintiff alleged that union representatives had sent a heart-shaped package filled with cow manure to scientists scheduled to attend a convention at its hotel. (*Id.* at 4.) The Court dismissed this complaint on July 15, 2010. (R. 21.)

In dismissing the complaint, the Court observed that the parties agree that the incident involving the manure-filled, heart-shaped box occurred on February 10, 2005. (R. 21 at 2-3.) As this date was more than five years prior to March 3, 2010—when Plaintiff brought suit—the Illinois statute of limitations for actions in tort barred an action for that particular event. (*Id.* at 3.) The Court rejected Plaintiff's arguments that, first, "the February 10, 2005, incident is part of a campaign of abuse that falls within the continuing violation doctrine so that the statute of limitations does not accrue until the date of the last violation," and, second, "that the true injury from the February 10, 2005[,] incident would not have occurred until potential convention attendees withdrew attendance from the convention and that these injuries may have occurred within the limitations period." (*Id.*) The Court explained that the continuing-violation doctrine does not apply to a series of discrete acts, observed that Plaintiff had only alleged a single event, and concluded that Plaintiff had failed to establish a link between the February 10, 2005, event and "the other generally alleged activities occurring four years later." (*Id.* at 4.)

The Court also held that, construing Plaintiff's factual allegations and all reasonable inferences in its favor, the Complaint did not state a claim for illegal secondary boycotting. (*Id.* at 5.) The Complaint's allegations "merely recite[d] or parrot[ed] the language of Section 8(b)(4)(ii)(B)" in conclusory fashion, which was insufficient under *Point Ruston, L.L.C. v. Pac. Nw. Reg'l Council of the United Bhd. of Carpenters and Joiners of Am.*, 658 F. Supp. 2d 1266 (W.D. Wa. 2009). (R. 21 at 5.) The complaint merely contained two specific factual allegations, one of which was the time-barred February 10, 2005, incident. (*Id.*) The other allegation was that the Union had engaged in aggressive tactics to pressure potential conference attendees to cancel their participation in events taking place at the hotel. (*Id.*) The complaint, however, did not identify the secondary parties that Defendant allegedly harassed, any dates on which such harassment occurred, or any facts showing that those parties actually withdrew attendance at events taking place at the Congress Plaza Hotel. (*Id.*) Ultimately, the Court concluded that the complaint did not satisfy the "plausibility" threshold established by *Twombly*.

On August 19, 2010, Plaintiff filed its First Amended Complaint, which makes distinct allegations of Defendant's improper actions with respect to a number of entities. (R. 25.) For the purpose of the present motion, Plaintiff alleged with respect to "AG Lab" that Defendant's union representatives sent a heart-shaped package filled with cow manure to scientists affiliated with AG Lab, who were scheduled to attend a convention hosted and sponsored by a professional organization at Plaintiff's hotel. (*Id.* at 5.) Plaintiff also alleges that, in "or around" November 2008, the Union's representatives entered the facilities of the Radiological Society of North America ("RSNA"), which had contracted with the Congress Plaza Hotel to hold a conference. (*Id.* at 5-6.) The First Amended Complaint provides that, before the police removed them from the Radiological Society's premises, Defendant's representatives had threatened an RSNA official. (*Id.* at 6.) Specifically, the complaint alleges, they threatened that, if the group continued with its scheduled conference at the Congress Plaza Hotel, they would interfere with the group's stay. (*Id.*) Plaintiff then alleges that, "[a]s part of Defendant's concerted campaign to intimidate and coerce the RSNA into terminating their stay at the Congress Plaza Hotel, Defendant's officials without invitation and without the prior consent of authorized facility owners, personally visited the RSNA's headquarters two other times and visited the Chicago offices of one of the RSNA's Board of Directors. (*Id.*) The First Amended Complaint concludes:

>As a direct and proximate result of Defendant's illegal secondary boycott activities, the Congress Plaza Hotel has suffered damages in excess of $100,000.00 and Defendant boasts and admits in its own literature and website that it has been responsible for removing more than $700,000.00 in revenues from the hotel.

(*Id.* at 11.)

On September 23, 2010, Defendant filed a further motion, seeking to dismiss the allegations as to AG Lab and RSNA because the First Amended Complaint fails to allege damages. (R. 32.) The motion alternatively seeks summary judgment on the ground that Plaintiff has suffered no damages and the statute of limitations bars its allegations with respect to AG Lab and RSNA. (*Id.*)

## LEGAL STANDARD

"A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted." *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). Pursuant to Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). As the Seventh Circuit recently explained, this "[r]ule reflects a liberal notice pleading regime, which is intended to 'focus litigation on the merits of a claim' rather than on technicalities that might keep plaintiffs out of court." *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)). This short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Under the federal notice-pleading standards, a plaintiff's "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570); *see also Cooney v. Rossiter*, 583 F.3d 967, 971 (7th Cir. 2009) (holding that the amount of factual allegations required to state a plausible claim for relief depends on complexity of legal theory). "[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Justice v. Town of Cicero*, 577 F.3d 768, 771 (7th Cir. 2009) (noting that, in the setting of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff drawing all reasonable inferences in the plaintiff's favor).

## DISCUSSION

### I.  Defendant's Motion to Dismiss the Allegations of the First Amended Complaint as to AG Lab and RSNA Fails

Defendant requests that the Court dismiss Defendant's "allegations as to AG Lab and RSNA" because the First Amended Complaint does not allege that the Union's alleged actions with respect to AG Lab and RSNA damaged the Congress Plaza Hotel. (R. 34 at 5-6.) The Union correctly points out that Section 303 of the LMRA requires an injury. (*Id.*) It fails to explain, however, how the Court could grant Defendant's motion under Rule 12(b)(6) for "failure to state a *claim* upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) (emphasis added).

Plaintiff has brought suit under Section 303 of the LMRA for alleged violations of Section 8(b)(4)(ii)(B) of the NLRA. (R. 25.) To show that the First Amended Complaint fails to state a claim for violation of this provision, Defendant would have to show that the complaint does not allege facts that, accepted as true, would raise "a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In the instant motion to dismiss, the Union does not make such an argument. (R. 34.) Instead, it effectively argues that a certain subset of the alleged facts would fail to state a claim when construed independently of the remainder of the allegations in the complaint. (*Id.*) The Court cannot grant Defendant's motion to dismiss because, even if the Court agrees that the

facts that Plaintiff alleges with respect to AG Lab and RSNA do not raise a plausible right to relief for violation of the NLRA, such a determination would not support a dismissal of any *claim*.

Defendant's motion to dismiss is not well founded, and so the Court denies it. Defendant may have more appropriately brought a motion to strike paragraphs 20 and 24-27, which pertain to AG Lab and RSNA, under Federal Rule Civil Procedure 12(f). As that rule explicitly provides, however, a party must file such a motion "either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading." Fed. R. Civ. P. 12(f). Plaintiff did not do so.[1]

## II. Defendant's Motion for Summary Judgment Regarding the Allegations of the First Amended Complaint as to AG Lab and RSNA Fails

Defendant also seeks summary judgment with respect to Plaintiff's allegations as to AG Lab and RSNA. (R. 34 at 6-7.) It argues that there is no genuine issue that the Congress Plaza Hotel did not suffer damages on account of the Union's alleged actions with respect to AG Lab and RSNA. The Union also seeks summary judgment with respect to AG Lab on the ground that the statute of limitations bars recovery.

The motion for summary judgment on account of Plaintiff's lack of injury is premature. In its response to Defendant's statement of undisputed material facts, Plaintiff "requests that ruling . . . be deferred until after Plaintiff has had an adequate opportunity to take discovery on this issue." (R. 43 at 2-3.) Although Plaintiff did not bring this request pursuant to Federal Rule of Civil Procedure 56(d), as it should have, the Court nonetheless grants that request in light of the procedural posture of the case.

The fact discovery cutoff is presently July 5, 2011. (R. 92.) Of course, cases do exist in which summary judgment may be appropriate before the close of discovery. *See, e.g.*, *Crump v. QD3 Entm't, Inc.*, No. 10-CV-3564, 2011 WL 446296, at *3 (S.D.N.Y. Feb. 3, 2011) ("[I]n certain cases a grant of summary judgment may be appropriate prior to discovery where the moving party can demonstrate that there is no disputed issue of material fact."). The record presently before the Court, however, is insufficiently developed to warrant a grant of summary judgment at this time.[2]

## CONCLUSION

For the preceding reasons, the Court denies Defendant's motion to dismiss and/or for summary judgment.

---

[1] Indeed, even if the Court were to treat Plaintiff's motion to dismiss and/or for summary judgment as a motion to strike under Rule 12(f), it would deny the motion on the ground of its being untimely. Plaintiff filed its First Amended Complaint on August 19, 2010, and Defendant did not file its motion to dismiss (and answer) until September 23, 2010, which was five weeks later.

[2] Notably, Plaintiff denies the Union's factual assertions that "[t]he incident on February 10, 2005[,] was only one time that the Union ever sent cow manure to any person in connection with the boycott of the Hotel" and that AG Lab 'proceeded to hold its convention at the Hotel in April 2005 as it had planned." (R. 43 at 2.)